# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52233-1-II |
| Respondent, | |
| v. | |
| JOSEPH P. STONE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Joseph Stone appeals his judgment and sentence, contending that the trial court improperly imposed legal financial obligations (LFO) and two community custody conditions.  Stone argues that (1) the trial court was prohibited from ordering attachment of his income if he misses a monthly LFO payment because his only source of income is his Social Security Disability Insurance (SSDI) benefits, (2) 42 U.S.C. § 407(a) prohibits state courts from ordering a defendant to pay mandatory LFOs if his only income is SSDI benefits, and (3) the supervisory assessment fee is a discretionary LFO which should not have been imposed because he is indigent.  Stone also argues that the trial court exceeded its authority by ordering that he not possess "any mind or mood-altering substances, to include the drug alcohol, [m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions," and "submit to urinalysis and/or breathalyzer testing . . . to verify compliance."  Clerk's Papers (CP) at 145-46.

We hold that (1) the judgment and sentence must be amended to add language that clarifies that Stone's SSDI benefits may not be attached, garnished, or otherwise encumbered for the

collection of LFOs; (2) under *State v. Catling*,[1] the imposition of the crime victim penalty assessment on Stone does not conflict with 42 U.S.C. § 407(a); and (3) the trial court did not err by imposing the supervisory assessment fee because it is not a cost under RCW 10.01.160(3), but on remand the court is encouraged to reconsider whether Stone has the ability to pay this fee, which is discretionary.

We further hold that the trial court exceeded its authority when it ordered Stone to refrain from possessing "mind or mood-altering substances" because that condition is vague, and when it ordered Stone to refrain from possessing alcohol because that condition is not crime related. We hold that the trial court did not exceed its authority when it ordered Stone to refrain from possessing "[m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions," because the trial court may always instruct an offender to refrain from illegal activities. Finally, we hold that the trial court did not exceed its authority when it ordered Stone to "submit to urinalysis and/or breathalyzer testing . . . to verify compliance," because the condition regarding illegal drugs is valid. We remand to the trial court to amend the judgment and sentence in accordance with this opinion.

FACTS

A jury found Stone guilty of first degree burglary and third degree assault. At sentencing, Stone informed the trial court that he was indigent and disabled, and that he was receiving SSDI benefits. The trial court imposed a $500 crime victim penalty assessment and a supervisory assessment fee. The judgment and sentence contained the following language:

---

[1] 193 Wn.2d 252, 438 P.3d 1174 (2019).

> A notice of payroll deduction may be issued or other income withholding action may be taken without further notice to the offender, if a monthly court-ordered legal financial obligation payment is not paid when due and an amount equal to or greater than the amount payable for one month is owed.

CP at 146.

The trial court also imposed community custody conditions that required Stone to refrain from any "mind or mood-altering substances" in addition to controlled substances and required Stone to submit to urinalysis or breathalyzer testing as a means of verifying compliance with the community custody conditions. CP at 145. Stone appeals the trial court's imposition of the LFOs and the two community custody conditions.

## ANALYSIS

### I. ATTACHMENT AND CRIME VICTIM PENALTY ASSESSMENT

#### A. INCOME ATTACHMENT

Stone argues that the trial court was prohibited from ordering attachment of his income if he misses a monthly LFO payment because his only source of income is his SSDI benefits. The State concedes this argument. We accept the State's concession.

Federal law prohibits the attachment of social security payments by any process of law. 42 U.S.C. § 407(a). Under 42 U.S.C. § 407(a), "Social Security moneys cannot be reached to satisfy a debt." *State v. Catling*, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019). Accordingly, the attachment provision should be stricken, and the trial court should amend the judgment and sentence to clarify that social security benefits may not be attached, garnished, or otherwise encumbered for the collection of LFOs.

B. CRIME VICTIM PENALTY ASSESSMENT

Stone argues that imposition of the crime victim penalty assessment was improper because 42 U.S.C. § 407(a) prohibits state courts from ordering a defendant to pay any LFO if his only income is social security benefits. We disagree because the imposition of the crime victim penalty assessment on Stone does not conflict with 42 U.S.C. § 407(a).

The crime victim penalty assessment authorized under RCW 7.68.035(1) remains a mandatory LFO after the 2018 legislative amendments to that statute.[2] *Catling*, 193 Wn.2d at 259. RCW 9.94A.760(1) now provides that an offender's indigence is not grounds for failing to impose the crime victim penalty assessment. The statute states in relevant part: "The court may not order an offender to pay costs . . . if the court finds that the offender at the time of sentencing is indigent . . . . An offender being indigent . . . is not grounds for failing to impose . . . the crime victim penalty assessment [fee] . . . ." RCW 9.94A.760(1). Therefore, we must address whether this fee can be assessed against a person such as Stone who receives SSDI.

42 U.S.C. § 407(a), the Social Security Act's antiattachment provision, states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Under this statute, "Social Security moneys cannot be reached to satisfy a debt." *Catling*, 193 Wn.2d at 260.

---

[2] In 2018, our legislature enacted Second Substitute House Bill (SSHB) 1783, effective June 7, 2018, which amended several statutes related to the imposition of discretionary costs on indigent defendants and interest on such costs, nonrestitution, and fees. *See* LAWS OF 2018, ch. 269.

Our Supreme Court in *Catling* clarified that the imposition of the crime victim penalty assessment fee on a person receiving SSDI does not violate 42 U.S.C. § 407(a). *Catling*, 193 Wn.2d at 264. However, the court also held that the crime victim penalty assessment fee cannot be satisfied out of funds subject to 42 U.S.C. § 407(a). *Catling*, 193 Wn.2d at 264-65. The court remanded for the court below to revise the judgment and sentence to state this limitation. *Catling*, 193 Wn.2d at 265-66.

Following *Catling*, we hold that the trial court did not err by imposing the crime victim penalty assessment fee on Stone. But, as we state above, the trial court on remand must amend the judgment and sentence to reflect that LFOs cannot be satisfied out of funds subject to 42 U.S.C. § 407(a).

## II. SUPERVISORY ASSESSMENT FEE

Stone argues that the supervisory assessment fee is a discretionary LFO, and because his only income is SSDI benefits, the fee was improperly imposed by the trial court. The State does not dispute that a court cannot impose a discretionary LFO without inquiring into the defendant's ability to pay, but argues that the fee is mandatory. We hold that the trial court did not err by imposing the supervisory assessment fee. However, we encourage the trial court on remand to reevaluate the imposition of the supervisory assessment fee in light of Stone's ability to pay.

RCW 10.01.160(3) provides that the trial court shall not order a defendant to pay *costs* if a defendant is receiving disabled assistance benefits. Similarly, RCW 9.94A.760 provides that the trial court cannot order "costs" as described in RCW 10.01.160 if the defendant is receiving disabled assistance benefits. RCW 10.01.160(2) limits "costs" "to expenses specially incurred by

the state in prosecuting the defendant or administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision."

Here, the trial court imposed Stone's supervisory assessment fee under RCW 9.94A.703(2)(d), which states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]." The issue is whether the supervision assessment, a discretionary LFO, is a "cost" under RCW 9.94.703(3)(d). The supervision assessment fee fails to meet the definition of a "cost" under RCW 10.01.160(2) because it is not an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. Because the supervision assessment fee is not a cost as defined under RCW 10.01.160, the statutes do not prohibit the trial court from imposing the fee based on Stone's indigence.

We note, however, that "[t]he barriers that LFOs impose on an offender's reintegration to society are well documented . . . and should not be imposed lightly merely because the legislature has not dictated that judges conduct the same inquiry required for discretionary costs." *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015). We agree that this important policy should be broadly supported. Therefore, we encourage the trial court on remand to reexamine the imposition of the supervision assessment fee on Stone.

### III. COMMUNITY CUSTODY CONDITIONS

Stone argues that the trial court exceeded its authority by ordering community custody conditions that were neither crime related nor otherwise authorized by statute. Specifically, that he not possess "any mind or mood-altering substances, to include the drug alcohol, [m]arijuana,

or any controlled substances, except pursuant to lawfully issued prescriptions." CP at 145. The State concedes that, "the reference to 'mind or mood-altering substances,' should be redacted," from Stone's judgment and sentence. Br. of Resp. at 7 (quoting CP at 145). Stone further argues that the trial court exceeded its authority by ordering that he, "submit to urinalysis and/or breathalyzer testing at the request of the [community custody officer] or treatment provider to verify compliance." Br. of Appellant at 12 (quoting CP at 146.)

We accept the State's concession regarding the reference to "any mind or mood-altering substances." We hold that the trial court exceeded its authority when it ordered Stone to refrain from possessing "mind or mood-altering substances" because that condition is vague, and when it ordered Stone to refrain from possessing alcohol because that condition is not crime related. However, we hold that the trial court did not exceed its authority when it ordered Stone to refrain from possessing "[m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions," because the trial court may always instruct an offender to refrain from illegal activities. And we further hold that the trial court did not exceed its authority when it ordered Stone to "submit to urinalysis and/or breathalyzer testing . . . to verify compliance," because the trial court was authorized to impose a condition to monitor Stone's compliance with other valid conditions.

"We review de novo whether the trial court had statutory authority to impose a community custody condition." *State v. Johnson*, 180 Wn. App. 318, 325, 327 P.3d 704 (2014).

A. POSSESSION OF SUBSTANCES

1. Possession of Mind or Mood-Altering Substances

The first condition at issue requires that Stone not possess "mind or mood-altering substances." CP at 145. The community custody conditions in the judgment and sentence do not define these terms. The State concedes that this phraseology could include substances that are not controlled substances and are lawful to possess. A community custody condition is unconstitutionally vague if, "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). Accordingly, we hold that the trial court exceeded its authority when it ordered Stone to refrain from possessing "mind or mood-altering substances" because that condition is vague.

2. Possession of Alcohol

The second condition at issue requires that Stone not possess alcohol. A trial court may require an offender to comply with any crime-related prohibitions as a condition of community custody. RCW 9.94B.050(5)(e). A "crime-related prohibition" is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). The trial court ordered Stone not to possess alcohol. Because prohibiting Stone from possessing alcohol does not directly relate to his crimes of first degree burglary and third degree assault, the trial court exceeded its authority in imposing the condition. *See* RCW 9.94A.030(10).

3.  Possession of Marijuana, or Any Controlled Substances, Except Pursuant to Lawfully Issued Prescriptions

The third condition at issue requires that Stone not possess "[m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions." CP at 145. "Washington no longer criminalizes the use and possession . . . of marijuana." *In re Pers. Restraint of Brettell*, 6 Wn. App. 2d 161, 171, 430 P.3d 677 (2018). "But this conduct remains a federal offense, governed by the Controlled Substances Act[3]." *In re Brettell*, 6 Wn. App. 2d at 171. "The CSA preempts state law." *In re Brettell*, 6 Wn. App. 2d at 171. Further, "[u]nless waived by the court, as part of *any* term of community custody, the court shall order an offender to . . . [r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions." RCW 9.94A.703(2)(c) (emphasis added). Because the trial court may always instruct an offender to refrain from illegal activities, we hold that the trial court did not exceed its authority when it ordered Stone to refrain from possessing "[m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions." CP at 145.

B.  URINALYSIS AND BREATHALYZER TESTING

The fourth condition at issue requires that Stone submit to urinalysis or breathalyzer testing as a means of verifying compliance with the community custody conditions. Trial courts are authorized to impose community custody conditions that monitor an offender's compliance with other valid conditions. *State v. Olsen*, 189 Wn.2d 118, 130, 399 P.3d 1141 (2017). As discussed above, the trial court did not exceed its authority by ordering that Stone refrain from possessing "[m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions." CP

---

[3] 21 U.S.C. §§ 812, 844.

at 145. Because this condition is valid, the trial court did not exceed its authority by imposing a community custody condition requiring Stone to submit to urinalysis and breathalyzer testing. We hold that the trial court did not exceed its authority when it ordered Stone to "submit to urinalysis and/or breathalyzer testing . . . to verify compliance," because the condition regarding illegal drugs is valid.

## CONCLUSION

We hold that (1) the judgment and sentence must be amended to add language that clarifies that Stone's SSDI benefits may not be attached, garnished, or otherwise encumbered for the collection of LFOs; (2) under *State v. Catling*, the imposition of the crime victim penalty assessment on Stone does not conflict with 42 U.S.C. § 407(a); (3) the trial court did not err by imposing the supervisory assessment fee because it is not a cost under RCW 10.01.160(3), but on remand the court is encouraged to reconsider whether Stone has the ability to pay this fee, which is discretionary.

We further hold that the trial court exceeded its authority when it ordered Stone to refrain from possessing "mind or mood-altering substances" because that condition is vague, and when it ordered Stone to refrain from possessing alcohol because that condition is not crime related. We hold that the trial court did not exceed its authority when it ordered Stone to refrain from possessing "[m]arijuana, or any controlled substances, except pursuant to lawfully issued prescriptions," because the trial court may always instruct an offender to refrain from illegal activities. Finally, we hold that the trial court did not exceed its authority when it ordered Stone to "submit to urinalysis and/or breathalyzer testing . . . to verify compliance," because the condition regarding

illegal drugs is valid. We remand to the trial court to amend the judgment and sentence in accordance with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

CRUSER, J.