# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59282-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| AKEEM ALI MOORE, | |
| Appellant. | |

PRICE, J. — Akeem A. Moore appeals his sentence for one count of first degree rape of a child, arguing that the superior court imposed an unconstitutionally vague community custody condition. We disagree and affirm.

## FACTS

A jury found Moore guilty of two counts of first degree rape of a child. On appeal, Division Three of this court reversed one count and remanded for resentencing. *State v. Moore*, No. 39501-4-III, slip. op. at 22 (Wash. Ct. App. June 27, 2023) (unpublished).[1]

Moore was resentenced on February 16, 2024. As part of Moore's sentence, the superior court imposed the following condition: "Remain within geographic boundaries, as set forth in writing by the Department of Corrections [(DOC)] . . . ." Clerk's Papers at 101.

Moore appeals.

---

[1] https://www.courts.wa.gov/opinions/pdf/395014_unp.pdf

ANALYSIS

Moore argues that the community custody condition requiring him to stay within geographic boundaries is unconstitutionally vague. We disagree.

Community custody conditions that are vague are unconstitutional under the Fourteenth Amendment of the United States Constitution and article I, section 3 of the Washington Constitution. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678-79, 425 P.3d 847 (2018). Community custody conditions are unconstitutionally vague if they do not (1) define the condition " 'with sufficient definiteness that ordinary people can understand what conduct is prescribed' " or (2) provide ascertainable standards to protect against arbitrary enforcement. *Nguyen*, 191 Wn.2d at 678 (quoting *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008)). Community custody conditions are " 'not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.' " *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018) (internal quotation marks omitted) (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010)).

Moore challenges the community custody condition requiring him to remain within geographic boundaries as set forth in writing by DOC. The conduct proscribed is clear and unambiguous, Moore must comply with the written restrictions provided by DOC; any reasonable person would understand what is prohibited. Further, the condition is not vague because DOC does not have unbridled discretion to set the geographic boundaries. *State v. Ortega*, 21 Wn. App. 2d 488, 496, 506 P.3d 1287 (2022) ("The sentencing court did not grant [defendant's community corrections officer] unbridled discretion to proscribe conduct because the

Department's authority is defined by statute. Thus, this condition is not unconstitutionally vague." (footnote omitted)). Instead, community custody conditions set by DOC (including the mandatory condition requiring an offender to remain within geographic boundaries) must be reasonably related to the crime of conviction, the offender's risk of reoffending, or the safety of the community. RCW 9.94A.704(3)(b),[2] .704(7)(b).

## CONCLUSION

The community custody condition requiring Moore to remain within geographic boundaries set by DOC is not unconstitutionally vague. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Price, J.
PRICE, J.

We concur:

Cruser, C.J.
CRUSER, C.J.

Glasgow, J.
GLASGOW, J.

---

[2] We also note that RCW 9.94A.704(3) provides that, when an offender is under supervision by DOC, DOC "shall at a minimum instruct the offender to: . . . (b) Remain within prescribed geographical boundaries." Moore does not challenge the constitutionality of this statute and, unlike community custody conditions, statutes are presumed constitutional and must be proven to be unconstitutional beyond a reasonable doubt. *Bahl*, 164 Wn.2d at 753. Therefore, it appears that Moore will be subject to DOC's geographical boundary limitations regardless of the specific community custody condition imposed in his judgment and sentence.