# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No.60258-0-II |
| Respondent, | |
| v. | |
| CAMERON ROBERT STEINER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Cameron Steiner appeals the trial court's imposition of an anger management evaluation and follow-up treatment as a community custody condition relating to his conviction of second degree arson.

A jury found Steiner guilty of second degree arson for a fire that damaged a vehicle. The trial court imposed the community custody condition after finding that there was substantial circumstantial evidence that Steiner was angry at the time of the fire and lit the fire out of vengeance.

We hold that the trial court did not abuse its discretion in imposing an anger management evaluation and follow-up treatment as a community custody condition because the condition is related to the circumstances of the arson. Accordingly, we affirm the trial court's imposition of the anger management community custody condition.

FACTS

Steiner temporarily lived with his uncle Bill Illig and his grandfather Wilbert (Bert) Illig[1] at Bert's home. Brenda Bonner was a friend of Bill and Bert.

On June 1, 2022, Bonner and her boyfriend James DeGeeter visited Bert's house. They parked Bonner's car in the alley behind the house.

Steiner subsequently drove up in Bert's car. When Steiner came into the house, Bert demanded that Steiner return the car keys because he had not given Steiner permission to drive the car. When Steiner returned the keys to Bert, Bert noticed that the keys were copies. Bert had not given Steiner permission to make copies of his car keys. Bert told Steiner that he no longer was welcome in Bert's house and that he should gather his belongings and leave.

Bonner later saw Steiner walk out the back door of the house with a gas can in his hand. Bert also saw Steiner with a can in his hand walking through the house before later seeing Bonner's car on fire. DeGeeter saw Steiner running away as the car was on fire.

The State charged Steiner with second degree arson. At trial, Bonner testified that she and Steiner had argued about Steiner's situation with Bert before the confrontation on June 1 and that she stood up for Bert during those arguments. Bonner stated that she believed that Steiner probably was mad at her because of these arguments. Bonner also testified that Steiner knew the vehicle that burned was hers because he had been in the vehicle before. An investigating officer testified that Steiner said that he had argued with Bert on the night of the fire.

The jury found Steiner guilty of second degree arson. The trial court sentenced Steiner to a standard range sentence of 25 months followed by 18 months of community custody. When imposing the sentence, the court stated,

---

[1] We refer to Wilbert Illig as Bert for clarity.

> There was significant evidence, although circumstantial, that you were upset with some of the individuals at that home that day and that rather than dealing with your anger on being put out in a normal and rational manner, that you, at least based upon the evidence and the testimony, likely set this car on fire out of vengeance over what the individuals in the home were doing and maybe specifically towards this alleged victim.

Rep. of Proc. (Dec. 15, 2023) at 26-27. The court ordered an anger management evaluation and any follow-up treatment as a community custody condition.

Steiner appeals the trial court's imposition of the anger management community custody condition.

ANALYSIS

Steiner argues that the trial court erred in ordering an anger management evaluation and any follow-up treatment as a community custody condition. We disagree.

A trial court sentencing a defendant to community custody has authority to impose community custody conditions. RCW 9.94A.703. Relevant here, a trial court has discretion to require a defendant to participate in (1) crime-related treatment, 9.94A703(3)(c), and (2) rehabilitative programs reasonably related to the circumstances of the offense. RCW 9.94703(3)(d).

We review the imposition of community custody conditions for an abuse of discretion. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). A trial court does not abuse its discretion in imposing a crime-related community custody condition if there is a reasonable relationship between the crime of conviction and the condition. *State v. Nguyen*, 191 Wn.2d 671, 683-84, 425 P.3d 847 (2018).

Steiner argues that the anger management condition is improper because there is no indication that anger caused Steiner to commit the arson. But this is the incorrect standard. A condition need only be reasonably related to the circumstances of the offense. *Id.* at 683.

3

The record shows that Steiner's anger was reasonably related to the circumstances of the arson. Bert testified that immediately before the fire started, he told Steiner that Steiner no longer was welcome in Bert's house and that Steiner needed to leave. Bonner testified that Steiner probably was angry with her because of previous arguments. Steiner told an officer that he had an argument with Bert on the night of the fire. Therefore, it was reasonable for the trial court to determine that Steiner's anger was reasonably related to the circumstances of Steiner's arson conviction.

Accordingly, we hold that the trial court did not abuse its discretion when it imposed the community custody condition requiring an anger management evaluation and follow up treatment.

CONCLUSION

We affirm the trial court's imposition of the anger management community custody condition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, A.C.J.

LEE, J.