# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>THOMAS WILLIAM SANDERS,<br><br>                       Petitioner. | No.  60888-0-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, A.C.J. — Thomas William Sanders seeks relief from personal restraint imposed after he pleaded guilty to one count of rape of a child in the first degree.  Sanders argues that a community custody condition requiring him to "[r]emain within geographic boundaries, as set forth in writing by the Department of Correction Officer" is unconstitutionally vague.  Br. of Pet'r at 10.  We dismiss Sanders's petition as time barred.

### FACTS

In 2021, Sanders pleaded guilty to one count of rape of a child in the first degree.  As part of Sanders's sentence, the trial court imposed community custody conditions.  One condition required that Sanders "[r]emain within geographic boundaries, as set forth in writing by the Department of Correction Officer or as set forth with [Stay Out of Drug Areas (SODA)] order."  Br. of Pet'r, App'x at 17.

Sanders's judgment and sentence became final when the trial court entered it in 2022.  RCW 10.73.090(3)(a).  In 2024, Sanders filed a personal restraint petition challenging several

community custody conditions, including the geographic boundary condition. The chief judge of this court partially dismissed the petition, determining that most of Sanders's claims were time barred. However, the chief judge determined that Sanders's challenge to the geographic boundary condition was not frivolous, and referred that claim to a panel of judges for a determination on the merits.

ANALYSIS

Sanders argues that the geographic boundary condition is unconstitutionally vague "because it provides no guidance regarding what areas might be off limits and gives a community corrections officer unfettered discretion to arbitrarily forbid any area." Br. of Pet'r at 8. Sanders cites several unpublished cases from other divisions of the Court of Appeals striking down similar conditions. He further argues that the condition renders his judgment and sentence facially invalid. We disagree.

RCW 10.73.090(1) requires that a personal restraint petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Sanders's judgment and sentence became final in 2022, when it was entered. RCW 10.73.090(3)(a). Sanders did not file this petition until 2024, over one year later. Thus, Sanders's petition is time barred unless he shows that his judgment and sentence is facially invalid, was not rendered by a court of competent jurisdiction, or that one of the RCW 10.73.100 exceptions applies. RCW 10.73.090(1).

"[A] judgment and sentence is not valid on its face if the trial judge actually exercised authority (statutory or otherwise) it did not have." *In re Pers. Restraint of Scott*, 173 Wn.2d 911, 917, 271 P.3d 218 (2012). Accordingly, an unconstitutionally vague community custody condition will render a judgment and sentence facially invalid. *See State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). A community custody condition is unconstitutionally vague if "(1) it does

not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018).

After the chief judge referred Sanders's petition to a panel, a panel of this court held that a community custody condition requiring a defendant "[r]emain within geographic boundary, as set forth in writing by the Community Corrections Officer " was not unconstitutionally vague. *State v. Cobb*, No. 59459-5-II, slip op. at 1 (Wash. Ct. App. Feb. 24, 2026), https://www.courts.wa.gov/opinions/pdf/D2%2059459-5-II%20Published%20Opinion.pdf (internal quotation marks omitted). Specifically, this court explained that the condition complied with statutes requiring the Department of Corrections "to set geographic restrictions for people it supervises based on an assessment of the person's risk to community safety" *Id*., slip op. at 2. "Additionally, this community custody condition contemplates that the defendant will have sufficient notice of what the geographic boundaries are, and this clarity also protects against arbitrary enforcement." *Id*., slip op. at 3. Thus, this court held that the condition was not unconstitutionally vague. *Id*.

The phrasing of the condition at issue in this case was functionally identical to the condition in *Cobb*. We agree with, and follow, *Cobb* to hold that the geographic boundary condition is not unconstitutionally vague.

Because we hold that the condition is not unconstitutionally vague, Sanders does not establish that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction, or that any of the RCW 10.73.100 exceptions apply. As a result, his petition is time barred and we must dismiss it pursuant to RCW 10.73.090(1).

CONCLUSION

We dismiss Sanders's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Price, J.

Che, J.