

**FILED**
**JULY 11, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of Personal Restraint Petition of:<br><br>Eric Ray Lewis. | ) No. 38921-9-III<br>)<br>) ORDER GRANTING MOTION<br>) FOR RECONSIDERATION<br>) AND AMENDING OPINION<br>)<br>) |

THE COURT has considered respondent's motion for reconsideration and is of the opinion the motion should be granted. Therefore,

IT IS ORDERED, the motion for reconsideration of this court's decision of May 23, 2023, is hereby granted.

IT IS FURTHER ORDERED the opinion filed May 23, 2023 is amended as follows:

On page 9, immediately preceding the LAW AND ANALYSIS section, a final paragraph shall be added to the PROCEDURE section that reads:

> We encounter difficulty labeling Eric Lewis' various amended conditions. For example, conditions A and B originally imposed travel restrictions on Lewis. But in modifying the restrictions, the ISRB "combined and amended" these two conditions, and the new travel restriction is listed in the addendum as paragraph A. Resp. of ISRB, Ex. 1, Attach. E, Ord. of Release & Conditions at 1-2. Although we sometimes refer to the conditions under their original labels, sometimes using their "amended" labels, and sometimes using the new paragraph designations listed in the addendum, at all times in this opinion we address the modified

conditions issued August 12, 2022. When Lewis' challenges implicate the former conditions, we review his arguments in the context of the current conditions. *State v. Frederick*, 20 Wn. App. 2d 890, 909, 506 P.3d 690 (2022).

On page 20, the paragraph in the CONCLUSION section shall be amended to read:

We grant Eric Lewis' personal restraint petition in part. We remand to the ISRB to amend <u>combined</u> conditions A and B to provide specific standards for granting <u>non-medical</u> exemptions to permit travel into Wenatchee or East Wenatchee. We also direct the ~~omission~~ <u>removal</u> of the word "only" from <u>combined</u> conditions A <u>and B</u> ~~as stated on page 14 of~~ <u>within the sentence: "Exemptions will be made for medical purposes *only*."</u> We remand condition J for the ISRB to clarify whether the condition pertains to Eric Lewis' biological children and for justification if the ISRB so extends the condition. We remand amended condition L to apply only to dating and sexual relationships with parents of minor children. Otherwise, we affirm the community custody conditions.

PANEL: Judges Fearing, Lawrence-Berrey, Pennell

FOR THE COURT:

_____
GEORGE B. FEARING, Chief Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of Personal Restraint of | ) | |
| | ) | No. 38921-9-III |
| ERIC R. LEWIS. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

FEARING, C.J. — As a result of a conviction for child molestation, Eric Lewis is subject to community custody conditions that confine his travel, restrict his contact with children, curb his intimate associations with other adults, preclude the use of alcohol and marijuana, and impose random drug testing. In this personal restraint petition, Lewis challenges many of these conditions. We affirm most conditions, but remand to the Indeterminate Sentence Review Board (ISRB) to clarify some of the conditions.

FACTS

We draw the underlying facts from Eric Lewis' presentence investigation report. During early morning hours, a mother in East Wenatchee heard her nine-year-old daughter scream. The mother simultaneously heard heavy footsteps running down the hallway and a door closing. The mother entered her daughter's room. The daughter stated that Eric Lewis, the mother's boyfriend, had entered the room and taken off her pants.

The next day, a Douglas County sheriff's deputy spoke with Eric Lewis at his residence. Lewis initially denied leaving his house the previous evening. He claimed to have drunk four or five beers, smoked marijuana, and went to bed at a reasonable time. When asked if he ever had blackouts, Lewis responded, "doesn't everybody?" Resp. of ISRB, Ex. 1, Attach. F at 2. (Presentence Investigation). Lewis later admitted to molesting the girl.

During a risk and needs assessment interview, Eric Lewis admitted that he drank alcohol on a daily basis and that he was under the influence of alcohol and marijuana when he molested his girlfriend's daughter. He blamed his behavior on alcohol and marijuana.

On April 25, 2016, the Douglas County Superior Court accepted Eric Lewis' guilty plea to one count of burglary in the first degree and one count of child molestation in the first degree. The court sentenced Lewis to a maximum term of life confinement. The superior court also granted a sexual assault protection order prohibiting Lewis from coming within 300 feet of the molestation victim's residence, school, or place of employment.

On December 14, 2020, the ISRB released Eric Lewis to community custody. The ISRB imposed the following additional conditions of release:

> A. You must not enter the City of East Wenatchee, Washington, without prior written approval of your CCO [community custody officer] <u>and</u> the ISRB.

B.  You must not enter the City of Wenatchee, Washington, without prior written approval of your CCO <u>and</u> the ISRB.

C.  You must not use, possess or control any mind or mood-altering substances, drugs, narcotics, controlled substances, or drug paraphernalia without a valid prescription from a licensed physician.

D.  You must not use, possess or control any alcohol.

E.  You must not use, possess or control any Marijuana/THC or enter any establishments whose primary purpose is the sale of Marijuana/THC.

F.  You must submit to periodic and random drug and/or alcohol monitoring through an agency approved by your CCO and sign a full release of information allowing the treatment or monitoring agency to release information to your CCO.

G.  You must enter into, follow all rules, successfully participate in, and complete a state certified sexual deviancy treatment program as directed by the CCO and sign all releases necessary to ensure that the CCO can consult with the treatment provider to monitor progress and compliance.

H.  You must not have contact with minors unless accompanied by a responsible adult who is capable of protecting the child, who knows of the conviction, and has been approved of in advance by your CCO and/or your sexual deviancy treatment provider.

I.  You must not enter places where minor children tend to congregate, including but not limited to shopping malls, schools, playgrounds, parks, public pools, skating rinks, and video arcades without prior approval from your CCO.

J.  You must not remain overnight in a residence where minor children live or are spending the night without prior approval from your CCO <u>and</u> the ISRB.

K.  You must not date individuals who have minor children, unless you receive prior approval from your CCO and the ISRB.

L.  You must not form relationships with persons with minor children without first disclosing your sex offender status and having this relationship approved by your CCO.

Pet'r's Opening Br., App. A, Ord. of Release & Supervision Conditions at 2.

Eric Lewis has submitted requests to visit his mother in East Wenatchee. The ISRB has denied each request. One request read:

> [Eric Lewis]: Hello this is Eric Lewis 837425. I'm writing because the other day when I checked in I was going to ask if I could get permission to pick up my mom so she could spend it here In the Seattle area. She's afraid of the drive, so is it possible you could consider me spending Thanksgiving with her for a few days. If you can please get back to me so we can discuss the details. Thank you
>
> CCO: Please send me the details. Where would you be traveling to? How long would you be there? Who all would be at her house during the stay?
>
> [Eric Lewis]: My mom's house in Wenatchee. Wednesday come back Thursday. Only my mom and I will be there.
>
> CCO: You have an ISRB ordered to condition to not enter the City of Wenatchee.
>
> [Eric Lewis]: Yes I'm aware of that. That's why I'm asking if I can get permission from the ISRB.
>
> CCO: No, I will not [be] permitting travel to Wenatchee.

Pet'r's Opening Br. at 27.

Eric Lewis has a son. A court-ordered residential schedule limits Lewis' residential time with his son because of Lewis' criminal history. Under the plan, Lewis' parenting time must be supervised, the supervisor must be approved by the mother, and the mother must provide an option for a supervisor. No other adult may be present during the visitation. The parenting plan also requires that Lewis "comply with all D.O.C. requirements—if there is a violation all in person visitation will stop until D.O.C. authorizes visitation." Pet'r's Am. Mot.to Suppl. the R. Pursuant to RAP 9.10, App. G at 3. (Feb. 21, 2023).

4

Eric Lewis claims that since the imposition of the 2022 residential plan, he has been unable to visit his son. Lewis' fiancée, Cam Lee, is the only chaperone currently approved by the ISRB to accompany Lewis when he is in contact with minor children. Lewis' ex-wife has not approved Lee as a visitation supervisor under the 2022 residential plan. According to a declaration by CCO Rodger Rivera, the community custody conditions permit Lewis to see his son without a DOC approved chaperone "if [Lewis] complies with the court order *and if the visit does not bring Mr. Lewis in potential contact with other minors (including the victim)*." Resp't's Mot. to Suppl. R., Ex. 1 at 4. (Feb. 23, 2023).

On January 4, 2023, CCO Rodger Rivera sent the following e-mail to Eric Lewis:

> Good afternoon Mr. Lewis. I just wanted to recap our conversation regarding your request to travel to East Wenatchee to see and spend time with your son. I understand that the parenting plan is somewhat prohibiting you from having your fiancée present. Unfortunately, meeting your son for lunch at Pizza Hut, dessert at Blue Spoon Ice Cream, and going to Macy's to buy him clothing might represent a problem with the ISRB. Your current conditions on the Court cause we supervised you [sic] states, "You may have contact with your biological children within the limits of applicable active Court orders. However, you must not have contact with other minors unless accompanied by a responsible adult capable of protecting the child, who know of the conviction, and has been approved of in advance by your field case manager." Ms. Cam Lee, your fiancée, is the only DOC approved chaperone we have listed that can accompany you both at locations where other minors may be present.

Pet'r's Am. Mot.to Suppl. the R. Pursuant to RAP 9.10, App. H at 2. (Feb. 21, 2023).

According to CCO Rivera's declaration, if the mother identifies a suitable supervisor for

purposes of the residential plan, the ISRB will approve that individual to accompany

Lewis when he visits places frequented by other minors.

PROCEDURE

Eric Lewis filed a personal restraint petition that challenges community custody

conditions imposed by the ISRB. Following the filing of the petition, the ISRB amended

the conditions as follows:

> **This addendum makes the following changes to the Order of Release dated 10/10/2020:**
> A. Conditions A and B are combined and amended to: You may not enter the following exclusion zone (**the city of Wenatchee and the city of East Wenatchee**) without the prior permission of the ISRB. To request an exception, you must make your request to the ISRB at least 3 business days prior to the date you wish to enter the exclusion zone. Exceptions will be made for medical purposes only. Your intended medical provider must send documentation directly to the ISRB demonstrating the requested appointment/procedure has been scheduled. You will need to complete a limited release of information that will allow the ISRB or your field case manager to contact the requested provider to verify the appointment. However, you may travel on (**Highway 97, Highway 2, Highway 285, and Highway 28**) in order to get to a destination outside of the exclusion zone so long as you do not stop within the restricted area. If you believe you need to travel into the restricted area for any other reason, you may write to the ISRB to request modification.
> B. Condition C is Amended to: You must not use, possess, or control any drugs, narcotics, or controlled substances without a valid prescription from a licensed health care provider.
> C. Condition E is amended to: You must not use, possess or control any Marijuana/THC or enter any establishments whose primary purpose is the sale of Marijuana/THC. In order to appeal this condition, you must submit the following information directly to the ISRB: 1) A Department of Health (DOH) Medical Marijuana Authorization form that is signed by a DOH authorized practitioner per RCW 69.51A.030(2)(d)(iv) and 2) A letter

6

from a licensed healthcare provider further describing your need for THC use.  No use of THC is permitted while an appeal is pending.

      D.  Condition H is amended to: You may have contact with your minor biological children within the limits of applicable active Court orders.  However, you must not have contact with other minors unless accompanied by a responsible adult capable of protecting the child, who know of the conviction, and has been approved of in advance by your field case manager.

      E.  Condition I is amended to: You must not enter places where minor children tend to congregate, including but not limited to shopping malls, schools, playgrounds, public pools, skating rinks, video arcades/gaming stores without prior approval from your field case manager.

      F.  Conditions K & L are combined and amended to: You must not engage in a dating or sexual relationship(s) with any person who has care or custody of minor aged child(ren), unless approved by the field case manager and the ISRB.  All dating and sexual relationships require prior field case manager verification that the person is aware of your sexual offense history.

Resp. of ISRB, Ex. 1, Attach. E, Ord. of Release & Conditions at 1-2.

Comments accompanying the ISRB's amendments to Eric Lewis' community custody conditions discuss the ISRB's rationale for adopting the amendments:

      Regarding conditions A & B, the ISRB was made aware of community concern issues in the area of Wenatchee/East Wenatchee in October 2020.  There are a total of three concerned parties that all live, work, and attend school in Wenatchee and East Wenatchee.  The ISRB is in the process of re-validating these concerns.  However, the ISRB has a new version of the geographic restriction condition, so Mr. Lewis' conditions should be updated to be consistent with current practice.  Regarding conditions C, D, E, and F, Mr. Lewis has prior criminal history related to alcohol use and marijuana possession.  In addition, he has admitted to being under the influence of alcohol and marijuana during the commission of his sex offense.  In addition, in his Pre-Sentence Investigation he further admitted to a history of "dope" use.  Therefore, conditions prohibiting use of controlled substances, alcohol, and THC, as well as alcohol/drug monitoring appear to be related to his current offense as well as risk of

7

reoffense. However, the Board is using new versions of conditions C and E, and Mr. Lewis' conditions should be updated to be consistent with current practice. Regarding conditions H, I, and J, there was some AAG discussion about Mr. Lewis' role/relationship with the victim. It is noted that while he did not live with the victim's mother, they were engaged rather than just being boyfriend/girlfriend. There was an expectation that they would be family at some point. In addition, the victim described one of the offense incidents occurring when she had been sitting on Mr. Lewis' lap while he was doing her hair. This indicates he had some kind of care taking role over the victim. Another incident occurred at 2am suggesting that Mr. Lewis spent the night at the child's residence and had access to her during the overnight hours. It is noted that Mr. Lewis' biological daughter is now 12 years old, and they have limited contact due to other Court issues. Therefore, Board has no objection to allowing Mr. Lewis' to have contact with his biological child in accordance with other Court requirements. However, his access to other minors (specifically during overnight hours) is relevant to both [h]is conviction as well as risk of reoffense and should be limited. In addition, condition J does not prevent Mr. Lewis from parenting his biological daughter as he would be able to spend the night at the same location as her, provided that he had prior approval from his case manager and the ISRB. Regarding conditions K & L, as Mr. Lewis gained access to his victim through a dating/sexual relationship, both conditions are directly related to his risks. However, the ISRB has begun using an updated version of this condition so Mr. Lewis' condition should be updated in order to be consistent with current language.

Resp. of ISRB, Ex. 1, Attach. G at 2-3. Although the ISRB's comments refer to Lewis as parenting a daughter, Lewis is father only to a son.

In its response brief to Eric Lewis' personal restraint petition, Kerri McNeil signed a declaration to support the imposition and scope of the geographic restriction. McNeil declared she had verified that the victim lives and pursues regular activity within the drawn boundary. In his reply brief, Eric Lewis underscored that McNeil's declaration

erroneously referred to a "Mr. Baker." [Petitioner's Reply Brief 10.] In response,

McNeil submitted a corrected declaration.

LAW AND ANALYSIS

In a personal restraint petition, Eric Lewis challenges the ISRB's additional

community custody conditions. Because Lewis challenges an ISRB decision for which

he has had no previous or alternative avenue for obtaining state judicial review, Lewis

must show that he is under restraint and that the restraint is unlawful. RAP 16.4(a)–(c);

*In re Personal Restraint of Cashaw*, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994). In such

instances, the petitioner need not show actual prejudice or a complete miscarriage of

justice. *In re Personal Restraint of Pierce*, 173 Wn.2d 372, 377, 268 P.3d 907 (2011); *In

re Personal Restraint of Gentry*, 170 Wn.2d 711, 714-15, 245 P.3d 766 (2010). The

petitioner must only demonstrate a federal or state constitutional violation or violation of

the laws of the State of Washington. RAP 16.4(c)(2); *In re Personal Restraint of Pierce*,

173 Wn.2d 372, 377 (2011).

Offenders released to community custody are subject to crime-related prohibitions

and affirmative conditions established by the court, the department of corrections, or the

ISRB. RCW 9.95.064(2). The ISRB may not impose conditions contrary to those

ordered by the court and may not contravene or decrease court-imposed conditions.

RCW 9.94A.704(6). An ISRB-imposed community custody condition must bear a

reasonable relation to (i) [t]he crime of conviction, (ii) [t]he offender's risk of

9

reoffending, (iii) [t]he safety of the community, or (iv) [t]he offender's risk of domestic violence reoffense.  RCW 9.94A.704(10)(c).

This court reviews ISRB community custody conditions for abuse of discretion. *In re Personal Restraint of Winton*, 196 Wn.2d 270, 274, 474 P.3d 532 (2020).  The ISRB abuses discretion when it imposes community custody conditions for untenable reasons or based on untenable grounds.  *State v. Johnson*, 197 Wn.2d 740, 744, 487 P.3d 893 (2021).  The ISRB abuses discretion when it imposes restrictions beyond its authority.  *In re Personal Restraint of Winton*, 196 Wn.2d 270, 274 (2020).

Conditions A and B and the Right to Travel

Eric Lewis argues that community custody conditions A and B, even after the recent amendment, unconstitutionally infringe on his right to travel by prohibiting him from entering the cities of Wenatchee and East Wenatchee without prior approval.  The Washington Supreme Court recently analyzed a similar challenge in *In re Personal Restraint of Winton*, 196 Wn.2d 270 (2020).  The ISRB prohibited Don Winton from visiting Clark County, where the victims of his sex offenses lived, without prior written approval.  Winton had successfully requested and received limited permission to travel through the county at the time he filed his personal restraint petition, but he challenged, as unduly burdensome, the limitation of his right to enter the county to use of Interstate 5 as he drove to Oregon to visit his daughter.  The Supreme Court held that the ISRB can limit an offender's constitutional right to travel as long as a geographical restriction

10

reasonably relates to the crime of conviction or public safety or reduces the risk of a

reoffense. In upholding the restriction on Winton, the Supreme Court wrote:

> Turning to the condition imposed in this case, we hold that it was reasonable to require Winton to obtain written approval before entering Clark County. Contrary to Winton's characterization of this condition as akin to a banishment order, even if Winton possessed an unrestricted constitutional right to travel, this condition would not infringe on that right. Winton does not reside or work in Clark County. He expresses a need to travel through the area via the interstate highway to visit his daughter in Oregon, but he does not demonstrate any need to otherwise stop or engage in activity within Clark County.
>
> The condition does not ban Winton from Clark County. The record does not indicate that Winton was ever denied approval to travel through Clark County or that Winton ever violated the condition and was punished. Nor does Winton complain of any alleged prohibitions on his ability to enter the county. Rather, the condition requires preapproval from the ISRB and community corrections officer to justifiably notify the victim when Winton anticipates entering the area.
>
> The condition complies with the statutory requirements; that is, it bears a reasonable relation to the crime, the risk of reoffense, and public safety. The condition directly relates to the crime because Winton's victims reside, work, and attend school within Clark County. It also reasonably reduces the risk of reoffense, ensures public safety, and, notably, protects the victims and their families by preventing contact with Winton. The ISRB properly exercised its discretion in imposing this condition.

*In re Personal Restraint of Winton*, 196 Wn.2d at 278-79 (2020).

Based on *Personal Restraint of Winton*, we uphold the restriction imposed on Eric

Lewis from entering Wenatchee or East Wenatchee. Lewis committed child molestation

in East Wenatchee. Wenatchee and East Wenatchee are closely linked communities,

directly across the Columbia River from each other. The area of restriction is smaller than the entirety of one county imposed on Don Winton.

In challenging the geographic restrictions imposed on him, Eric Lewis highlights the inaccuracy of Kerri McNeil's declaration because of the reference to "Mr. Baker." Nevertheless, this court accepted a substitute declaration. We assume that McNeil employed standard language when submitting his declaration of this type, and she pasted some language from another declaration. We do not find the error untoward.

We note that the ISRB conditions permit Eric Lewis to enter Wenatchee or East Wenatchee on approval from the ISRB. The language assumes the ISRB will grant permission for justifiable reasons, but does not provide ascertainable standards to protect against arbitrary denials for requests. The one exchange between the ISRB and Lewis in the record demonstrates that the ISRB robotically denies any request.

Eric Lewis complains about arbitrary enforcement of the travel restrictions. He asks that the conditions be revised to prevent arbitrary denials. We grant the request. A community custody condition must provide sufficiently ascertainable standards to protect against arbitrary enforcement. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018).

The addendum's Condition A reads in part:

> You may not enter the following exclusion zone (**the city of Wenatchee and the city of East Wenatchee**) without the prior permission of the ISRB. . . . Exceptions will be made for medical purposes only. . . .

12

> If you believe you need to travel into the restricted area for any other reason, you may write to the ISRB to request modification.

Resp. of ISRB, Ex. 1, Attach. E, Ord. of Release & Conditions at 1. We notice an inconsistency in the language. Eric Lewis may request permission to enter the exclusion zone for a purpose other than medial reasons, but an exception "will be made for medical purposes only." We direct the ISRB to remedy the apparent inconsistency in Section A of the addendum by removal of the word "only" after "purposes."

### Conditions C, D, E, and F and Mood-Altering Substances

Eric Lewis argues that the community custody conditions restricting his use of marijuana, alcohol, and other mind-altering substances bear no relationship to his crime or his risk of reoffending. In response, the ISRB underscores Eric Lewis' presentence investigation report. Lewis admitted to law enforcement officers that he was under the influence of marijuana and alcohol when he committed his crimes.

This court has previously upheld community custody conditions prohibiting the use of drugs as crime-related when a presentence investigation revealed the offender was high on marijuana when he committed the crime. *State v. Frederick*, 20 Wn. App. 2d 890, 903, 506 P.3d 690 (2022). Similarly, Lewis' admissions justify the ISRB's imposition of drug and alcohol restrictions.

Because the alcohol and drug prohibitions are crime-related, we also uphold condition F, permitting random monitoring. The ISRB may affirmatively monitor

compliance with crime-related community custody conditions.  RCW 9.94A.030(10).

Enforcing a drug and alcohol restriction demands the employment of random testing.

*State v. Olsen*, 189 Wn.2d 118, 130-31, 399 P.3d 1141 (2017).

Conditions H, I, and J and the Right to Parent

Eric Lewis argues conditions H, I, and J, restricting his contact with minors, are unconstitutionally vague and infringe his constitutional right to parent.  Amended condition H permits Lewis to visit his minor children "within the limits of applicable court orders" but prohibits contact with other minors unless (1) accompanied by a responsible adult capable of protecting the child, which adult knows of Lewis' convictions and (2) a CCO preapproves the contact.  Resp. of ISRB, Ex. 1, Attach. E, Ord. of Release & Conditions at 1.

Amended condition I prohibits Lewis from entering areas where children tend to congregate, such as shopping malls, schools, playgrounds, public pools, skating rinks, video arcades, and gaming stores without prior approval from his field case manager.  Condition J prohibits overnight stays in a residence wherein minor children live without prior approval by a CCO and the ISRB.

Eric Lewis' challenges to amended conditions H and I focus on his ability to accompany his son and potential future children to community events.  A court may limit a parent's fundamental liberty interest in the care, custody, and control of their children only if the limitations are reasonably necessary to accomplish the essential needs of the

14

state, including the compelling need to protect the physical or mental health of children. *State v. Ancira*, 107 Wn. App. 650, 653-54, 27 P.3d 1246 (2001). We recognize that conditions H and I implicate Lewis' ability to accompany his biological children in public places. Nevertheless, we hold that the restrictions are reasonably necessary to accomplish the state's compelling interest in protecting the community from one convicted of child molestation. To the extent this interest impedes on Lewis' freedom to parent his children, the impediment is reasonably necessary.

Eric Lewis also argues that condition I could lead to arbitrary enforcement. A community custody condition is void for vagueness if (1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement. *State v. Padilla*, 190 Wn.2d 672, 677 (2018). This court invalidated a condition that precluded Samuel Irwin from frequenting "areas where minor children are known to congregate, as defined by the supervising CCO" because an ordinary person could not understand what conduct was prescribed "[w]ithout some clarifying language or an illustrative list of prohibited locations." *State v. Irwin*, 191 Wn. App. 644, 649, 655, 364 P.3d 830 (2015). After *State v. Irwin*, the Supreme Court upheld a similar condition under a vagueness challenge when that condition included an illustrative list. *State v. Wallmuller*, 194 Wn.2d 234, 449 P.3d 619 (2019). Lewis' specified restricted locations are substantially similar to the list the Supreme Court analyzed in *Wallmuller*.

Eric Lewis challenges condition J, prohibiting overnight visits in residences with minors, as it provides no exception for his own biological children. The ISRB appears to take the position that amended condition H renders condition J inapplicable to Lewis' biological children. Nevertheless, one could reasonably read condition J to categorically restrict Lewis from overnight contact with all children, including his own biological children.

We remand to the ISRB to clarify whether condition J applies to Eric Lewis' biological children. If the ISRB determines condition J should extend to Lewis' own children, the board should articulate the reasoning for doing so. This court struck community custody conditions prohibiting contact with one's own minor children when the record did not demonstrate that an offender's own children were at risk. *State v. Letourneau*, 100 Wn. App. 424, 441-43, 997 P.2d 436 (2000). The record in this case is unclear as to whether the ISRB considers Eric Lewis a threat to his own minor children.

Eric Lewis highlights that conditions H, I, and J do not account for the possibility of future children. Lewis claims to have started discussing future children with his fiancée. Community custody conditions should account for the possibility that a petitioner will parent children in the future. *See In re Personal Restraint of Sickels*, 14 Wn. App. 2d 51, 58-59, 469 P.3d 322 (2020). To the extent the ISRB clarifies condition J with regard to biological children, the board should amend the condition to encompass Lewis' potential future children as well as his extant son.

16

Eric Lewis argues that the community custody conditions, in combination with the 2022 residential schedule's requirement that any visitation time be supervised by an individual approved by the mother, effectively prohibit Lewis from visiting his son. Nevertheless, the parenting plan is not subject to this court's review under Lewis' personal restraint petition. To date, Lewis has only attempted to visit his son with supervision by Lewis' current fiancée, Cam Lee, whom the mother has refused to approve under the parenting plan. Whether the mother approves or disapproves of a supervisor under the 2022 residential schedule falls outside the scope of this personal restraint petition.

While we might find concern if the ISRB interfered in Eric Lewis' parental visitation for the sole purpose of enforcing the 2022 residential schedule, the ISRB's actions thus far appear consistent with the requirements of Lewis' community custody conditions. We do not read the community custody conditions to permit the ISRB to interfere in Lewis' parental visitation if such visitation takes place in a private setting. The ISRB has also indicated that it will work to approve a suitable chaperone selected by the mother to accompany Lewis to areas minors frequent under conditions H and I. We recognize that the interplay between the residential schedule and the community custody conditions imposes substantial hurdles on Lewis' ability to visit his son. But we do not find these hurdles to justify judicial interference when we otherwise uphold the reasonableness of Lewis' community custody conditions.

Conditions K and L and Intimate Associations

Amended community custody conditions K and L prohibit dating or sexual relationships with any person who has care or custody of minor aged children without prior approval and verification that the other individual has knowledge of Eric Lewis' sex offense history. Lewis contends this provision is unconstitutionally vague and violates his constitutional right to intimate association.

This court has upheld identical restrictive language under a constitutional challenge for infringement on the right to intimate association. The First Amendment to the United States Constitution, protects intimate association, but the right may be limited if reasonably necessary to accomplish the essential needs of the state and public order. *State v. Frederick*, 20 Wn. App. 2d 890, 909-10 (2022). A prohibition on dating or sexual relationships with any person who has custody of minor aged children does not unreasonably infringe the right to intimate association when imposed on an individual convicted of a child sex offense. *State v. Frederick*, 20 Wn. App. 2d 890, 909-10 (2022). Eric Lewis molested the minor daughter of a woman he dated.

Eric Lewis argues that combined conditions K and L inappropriately limit his intimate relations with individuals who do not have minor children. The second sentence of the combined conditions requires Lewis to inform the other individual of his sexual offense history. The sentence applies to "[a]ll dating and sexual relationships," and does not limit itself to relationships with other individuals parenting minor children. Resp. of

18

ISRB, Ex. 1, Attach. E, Ord. of Release & Conditions at 1.  The second sentence could be

read to reference the first sentence to apply only to individuals with children, but can also

reasonably be read to pertain to all individuals, regardless of parenthood status.

This court examined a similar question in *In re Personal Restraint of Sickels*, 14

Wn. App. 2d 51 (2020).  Kyle Sickels was convicted of second degree attempted rape of

a child.  This court evaluated the appropriateness of a condition requiring CCO approval

and disclosure of prior sex offenses before sexual contact in *any* relationship and totally

prohibited sexual contact in a relationship until a treatment provider approved.  This court

determined:

> when a companion condition requires the offender to obtain a sexual
> deviancy evaluation and comply with treatment recommendations, a
> requirement for treatment provider approval of sexual contact is crime-
> related. . . .  Mr. Sickel's judgment and sentence requires him to obtain a
> sexual deviancy evaluation within 30 days of his release from confinement
> and to follow any recommended treatment.  Reasonably read, condition 5
> does not require Mr. Sickels to get contact-by-contact approval for sexual
> contact for life.  Reasonably read, it requires that he not have sexual contact
> "until" his treatment provider is satisfied that sexual contact does not put
> others at risk.  It is not a total ban on protected activity and can be
> challenged as applied in the event the treatment provider's approval is
> exercised unreasonably.  When, as here, the condition is imposed on a sex
> offender along with a requirement for early evaluation it is crime-related.

*In re Personal Restraint of Sickels*, 14 Wn. App. 2d at 62-63 (2020).

Although condition G requires Eric Lewis to undertake sexual evaluation and

treatment, amended condition L does not tie Lewis' ability to pursue dating or sexual

relationships with nonparents to that treatment.  Instead, the amended condition gives

Lewis' CCO full discretion on whether to permit such relationships. *Sickels*' justification approving imposition of a similar restriction does not apply.

Based on his criminal history, Eric Lewis poses no threat when involved in an intimate relationship with an individual who does not parent minor children. Other conditions in place already reasonably protect Lewis' ability to contact children. Therefore, we hold the condition to be unreasonable to the extent it extends to Lewis' relationships with non-parents. Nevertheless, the ISRB should be permitted to enforce the second sentence with respect to parents of minor children.

## CONCLUSIONS

We grant Eric Lewis' personal restraint petition in part. We remand to the ISRB to amend conditions A and B to provide specific standards for granting exemptions to permit travel into Wenatchee or East Wenatchee. We also direct the omission of the word "only" from condition A as stated on page 14 of this opinion. We remand condition J for the ISRB to clarify whether the condition pertains to Eric Lewis' biological children and for justification if the ISRB so extends the condition. We remand amended condition L to apply only to dating and sexual relationships with parents of minor children. Otherwise, we affirm the other community custody conditions.

No. 38921-9-III
*PRP of Lewis*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.



_____
Fearing, C.J.

WE CONCUR:


_____
Lawrence-Berrey, J.

_____
Pennell, J.

21