# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. J.H.-M., Appellant. | No. 84443-1-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

CHUNG, J. — J.H.-M. was adjudicated guilty of rape in the second degree by forcible compulsion. His disposition included a condition of supervision prohibiting access to sexually explicit material "depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4)." J.H.-M. contends this condition is unconstitutionally vague and overbroad. We disagree and affirm.

## FACTS

J.H.-M. was charged with one count of rape in the second degree by forcible compulsion based on an incident that occurred when the victim was 16 years old and J.H.-M. was 15 years old. The court adjudicated J.H.-M. guilty as charged and imposed a Special Sex Offender Disposition Alternative suspended for a 24-month supervision period. When imposing the disposition, the court addressed each condition of supervision with J.H.-M. The court specifically declined to provide a prohibition on sexually explicit material:

> I am not going to impose the do not possess, use, access, or view any sexually explicit material. I believe that is vague. The

No. 84443-1-I/2

> treatment provider will put conditions on that access. And if he or she believes it is inappropriate, you're going to follow their recommendations.

However, the State prepared conditions of supervision in the disposition that included this prohibition:

> 5. Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your CSOTP (Certified Sex Offender Treatment Provider).

J.H.-M. appeals, arguing that the language "any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your CSOTP" is unconstitutionally vague and overbroad. He requests remand to strike that clause of the condition.

Acknowledging that the court had verbally stated it would decline to impose the condition, the State filed a motion to concede error and requested remand for correction and to strike the condition in its entirety. A panel of this court denied the motion. We now consider J.H.-M.'s constitutional arguments and the requested relief to strike only the clause relating to sexually explicit conduct as defined by RCW 9.68A.011(4).

DISCUSSION

Juvenile rehabilitation is an underlying purpose of the Juvenile Justice Act of 1977, chapter 13.40 RCW. State v. K.H.-H., 185 Wn.2d 745, 754, 374 P.3d 1141 (2016). To that end, "a juvenile court can impose and require reasonable

No. 84443-1-I/3

conditions that are related to the crime of which the offender was convicted and that further the reformation and rehabilitation of the juvenile." Id. at 755.

Juvenile courts have broad authority and discretion to craft dispositions that "adhere to the legislative intent of rehabilitation and crime-relatedness." Id. We review conditions for abuse of discretion and will reverse if a condition is manifestly unreasonable. State v. Irwin, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A trial court abuses its discretion if it imposes an unconstitutional condition. State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019).

I.      Vagueness

J.H.-M. contends that the condition prohibiting "any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your CSOTP" is unconstitutionally vague. A sentencing condition is unconstitutionally vague if "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." State v. Padilla, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). When considering the meaning of a community custody condition, "the terms are not considered in a 'vacuum,' rather, they are considered in the context in which they are used." State v. Bahl, 164 Wn.2d 739, 754, 193 P.3d 678 (2008). "If persons of ordinary intelligence can understand what the [law] proscribes, notwithstanding some possible areas of disagreement, the [law] is sufficiently definite." City of Spokane v. Douglass, 115 Wn.2d 171,

3

No. 84443-1-I/4

179, 795 P.2d 693 (1990), quoted in State v. Nguyen, 191 Wn.2d 671, 679, 425 P.3d 847 (2018).

A community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the point at which the actions would be classified as prohibited. Nguyen, 191 Wn.2d at 679. However, a community custody condition that implicates material protected under the First Amendment to the United States Constitution is held to a stricter standard of definiteness to prevent a chilling effect on the exercise of those rights. Bahl, 164 Wn.2d at 753.

As defined by the dictionary, "sexually explicit" means "clearly expressed sexual materials or materials that are unequivocally sexual in nature." Bahl, 164 Wn.2d at 758-59. Applying this definition, the condition prohibits J.H.-M. from accessing material showing conduct that is "unequivocally sexual in nature." The condition provides additional explanation of the type of material prohibited by incorporating the definition of "sexually explicit conduct" from RCW 9.68A.011(4).[1] In particular, RCW 9.68A.011(4) clarifies that "sexually explicit conduct" includes both actual or simulated conduct.

---

[1] RCW 9.68A.011(4) includes the following definition:

"Sexually explicit conduct" means actual or simulated:
(a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;
(b) Penetration of the vagina or rectum by any object;
(c) Masturbation;
(d) Sadomasochistic abuse;
(e) Defecation or urination for the purpose of sexual stimulation of the viewer;

No. 84443-1-I/5

J.H.-M. urges this court to adopt the reasoning of Division Three in In re Pers. Restraint of Sickels, which relied on the Supreme Court's decision in Padilla:

> In Padilla, our Supreme Court found a prohibition on viewing " 'images of sexual intercourse, simulated or real, masturbation, or the display of intimate body parts' " vague, in part because mainstream films and television shows depict simulated sexual intercourse. Padilla is controlling authority that the definition incorporated from RCW 9.68A.011(4) is unconstitutionally vague.

14 Wn. App. 2d 51, 65-66, 469 P.3d 322 (2020) (quoting Padilla, 190 Wn.2d at 681). He also expressly disagrees with this court's decision in State v. Wolff, No. 82806-1-I (Wash. Ct. App. Oct. 3, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/828061.pdf, where we held that the same condition regarding "sexually explicit material" was not unconstitutional. We again decline the invitation to follow Sickels[2] and instead follow the reasoning in State v. Wolff.[3]

Sickels's reliance on Padilla is misplaced. The condition at issue in Padilla did not reference RCW 9.68A.011(4). More importantly, Padilla concluded the condition at issue was vague not merely because it encompassed movies and television shows not ordinarily considered "pornographic materials," but because

---

(f) Depiction of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer. For the purposes of this subsection (4)(f), it is not necessary that the minor know that he or she is participating in the described conduct, or any aspect of it; and

(g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer.

[2] We are not bound by Division Three's decision in Sickels. See In re Pers. Restraint of Arnold, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018).

[3] Although Wolff is an unpublished opinion, we may properly cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

that breadth failed to provide adequate notice of the prohibited behavior. 190 Wn.2d at 681-82. In contrast, RCW 9.68A.011(4) provides a list of prohibited acts. While it defines a broad range of acts, RCW 9.68A.011(4) is sufficiently clear to apprise an ordinary person of the proscribed conduct—regardless of whether those acts involve adults and are lawful or those acts involve children and are therefore criminalized by the statute.

The concern with community custody conditions that may interfere with First Amendment rights is that they must be sufficiently definite so as "to prevent a chilling effect on the exercise of those rights." Bahl, 164 Wn.2d at 753. The fact that the condition at issue prohibits certain actual or simulated acts by adults does not make the condition vague, even if such acts are not unlawful under the referenced statute. J.H.-M.'s challenge is more properly stated as an overbreadth challenge. The supervision condition defining "sexually explicit conduct" by reference to RCW 9.68A.011(4) is not unconstitutionally vague.

## II. Overbreadth

We turn next to J.H.-M.'s challenge to the condition as overbroad. An overbreadth challenge "goes to the question of whether State action is couched in terms so broad that it may not only prohibit unprotected behavior but may also prohibit constitutionally protected activity as well." In re Sickels, 14 Wn. App. 2d at 67. However, limitations on fundamental rights are permissible if they are sensitively imposed and narrowly tailored. State v. Johnson, 197 Wn.2d 740, 744-45, 487 P.3d 893 (2021). "[T]he interplay of sentencing conditions and

No. 84443-1-I/7

fundamental rights is delicate and fact-specific, not lending itself to broad statements and bright line rules." In re Pers. Restraint of Rainey, 168 Wn.2d 367, 377, 229 P.3d 686 (2010). Additionally, a juvenile court has broad authority to craft a disposition that furthers the goals of rehabilitation by imposing reasonable conditions that are related to the crime for which the offender was convicted. K.H.-H., 185 Wn.2d at 755.

Here, the condition of supervision prohibits access to a broad variety of content depicting sexually explicit conduct, including conduct made unlawful by RCW 9.68A.011(4) and the same acts involving adults. The court adjudicated J.H.-M. guilty of rape in the second degree by forcible compulsion. In light of this disposition for a sex offense, limiting access to sexually explicit materials, whether the materials depict acts involving children or adults, is related to the goal of rehabilitation. As our Supreme Court has acknowledged, "[i]t is both logical and reasonable to conclude that a convicted person who cannot suppress sexual urges should be prohibited from accessing 'sexually explicit materials,' the only purpose of which is to invoke sexual stimulation." Nguyen, 191 Wn.2d at 686 (affirming condition prohibiting possession or viewing of "sexually explicit materials" where crimes of conviction were child rape and molestation). The supervision condition is reasonable, related to the crime, and is designed to further J.H.-M.'s rehabilitation. It is not overbroad.[4]

---

[4] An unpublished Division Three case relied on Sickels to conclude that the same language at issue in the condition here was both vague and overbroad. Matter of Pers. Restraint of Huezo, No. 38697-0-III, slip. op. at 29-30 (Wash. Ct. App. June 29, 2023)

No. 84443-1-I/8

Affirm.

_Chung, J._

WE CONCUR:

_Díaz, J._                    _Smith, C.J._

---

(unpublished), https://www.courts.wa.gov/opinions/pdf/386970_unp.pdf. The court reasoned simply that "sexually explicit conduct," defined to mean "actual or simulated" conduct under RCW 9.68A.011(4), was "couched in terms so broad that it may not only prohibit unprotected behavior but may also prohibit constitutionally protected activity as well." We find this reasoning unconvincing, as it relies on the same error in Sickels' analysis: that because the condition impinges on constitutionally protected activity, it is unconstitutional. Our Supreme Court has stated otherwise. See, e.g., Johnson, 197 Wn.2d at 744-45 (limitations on fundamental rights are permissible if they are sensitively imposed and narrowly tailored).