IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86198-1-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| JARED EMIL PETH | |
| Appellant. | |

SMITH, J. — Over the course of a year, Jared Peth engaged in inappropriate contact with three minors. The State charged Peth with child molestation in the second degree, possession of depictions of minors engaged in sexually explicit conduct in the first degree, and communication with a minor for immoral purposes. Peth pleaded guilty to all three charges.

The court sentenced Peth to 75 months of confinement for the first count, 61 months for the second, and 364 days for the third. The court also imposed 36 months of community custody.

Peth appeals four of the community custody conditions, asserting the conditions are vague, overbroad, and violate his privacy rights under the Washington State constitution. We affirm the condition prohibiting possession and access to computers and computer-related devices and conclude that the condition requiring random searches of Peth's computer-related devices is not yet ripe for review. We remand for the trial court to narrow the condition

restricting internet use, clarify the condition restricting chat room[1] access, and strike the condition requiring urinalysis and breath analysis.

FACTS

From June 2020 through January 2021, Jared Peth regularly contacted two minors, B.L.G. and V.J.B., through various social media platforms. Two CyberTips[2] informed the Everett Police Department that these communications involved alleged attempts to entice a minor for sexual activity.

In June 2021, the mother of Peth's child, Layla Van Meter, informed the Everett Police Department that Peth had kidnapped a minor, C.H.S., who had been reported missing. An investigation revealed that Peth had engaged in sexual contact with C.H.S. while she was reportedly missing and that he had sexual content involving a minor on his phone.

The State charged Peth with child molestation in the second degree, possession of depictions of a minor engaged in sexually explicit conduct in the first degree, and communication with a minor for immoral purposes. Peth pleaded guilty to all three charges.

The trial court sentenced Peth to concurrent, standard range sentences of 75 and 61 months for each felony, respectively, and 36 months of community

---

[1] A chat room is a real-time online interactive discussion group. MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/chat%20room (last visited July 11, 2025).

[2] A CyberTip is a report of child sexual exploitation made to the National Center for Missing & Exploited Children (NCMEC).

custody. The court sentenced him to an additional 364 days of confinement for the gross misdemeanor charge, to run concurrently with the rest of his sentence.

At the sentencing hearing, the parties agreed that the community custody condition prohibiting alcohol consumption and controlled substance usage was not crime-related. Accordingly, the court stated it would omit that condition from the order. Defense counsel then objected to certain internet-related restrictions, arguing they were overbroad and did not reflect modern life. Focusing on the facts of the crime, the court did not modify those conditions.

Ultimately, the court imposed a number of community custody conditions, including four that (1) required urinalysis and breath analysis testing, (2) restricted internet usage outside employment purposes, (3) prohibited the use of chat rooms, and (4) prohibited the possession of digital storage devices.

Peth appeals.

ANALYSIS

Standard of Review

Peth contends that we review constitutional challenges to community custody conditions de novo. We disagree and proceed under an abuse of discretion standard.

We review community custody conditions for an abuse of discretion. *State v. Johnson*, 197 Wn.2d 740, 744, 487 P.3d 893 (2021); *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). A trial court abuses its discretion if a community custody condition is manifestly unreasonable or based on unjustified

reasoning. *Johnson*, 197 Wn.2d at 744; *State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). The imposition of an unconstitutional condition is inherently an abuse of discretion. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018); *Nguyen*, 191 Wn.2d at 678; *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008).

<u>Community Custody Conditions</u>

Peth challenges the conditions requiring urinalysis and breath analysis upon request, restrictions on his internet use, random searches of his computer-related devices, and the prohibition on accessing chat rooms. We remand for the trial court to strike any reference to urinalysis and breath analysis and to clarify the restrictions on accessing chat rooms. We decline to review the constitutionality of conducting random searches of Peth's computer-related devices. And lastly, we affirm the condition prohibiting possession and access to computer-related and digital storage devices.

During sentencing, a court may impose community custody conditions to promote public safety and reduce the risk of reoffending. RCW 9.94A.010. Sentencing courts have discretion to order a criminal offender to comply with any crime-related prohibitions. RCW 9.94A.703(3)(f). A crime-related prohibition is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

### 1. Urinalysis and Breath Analysis for Alcohol

Peth first asserts that the condition requiring urinalysis and breath analysis at the request of his community custody officer (CCO) violates article I, section 7 of the Washington State Constitution.

While imposing urinalysis and breath analysis requirements does implicate privacy interests, individuals on community custody, similar to a probationer, have "a reduced expectation of privacy" because their sentence requires them to be "supervise[d] and scrutinize[d]" by the State. Such an intrusion is " 'constitutionally permissible only to the extent necessitated by the legitimate demands' of community custody." *State v. Nelson*, -- Wn. App. --, 565 P.3d 906 (2025) (quoting *State v. Olsen*, 189 Wn.2d 118, 125, 399 P.3d 1141 (2017)).

Here, as the State concedes, the court did not specifically prohibit Peth from consuming alcohol or drugs, and indicated that it would omit the community custody provision which prohibited such usage. Without such a prohibition, there would be no reason to test for alcohol or drug use. The court did not indicate a legitimate demand of community custody for which imposing the urinalysis and breath analysis testing is constitutionally permissible.

We remand for the trial court to strike any reference to urinalysis and breath analysis from the community custody conditions.

### 2. Restrictions on Internet Use

Peth next contends that the condition restricting his internet use to exclusively employment purposes is unconstitutionally vague and overbroad.

Both parties acknowledge that, because Peth used the internet to contact the victims, his internet use may be restricted by approved filters or monitoring software. Because there are less restrictive alternatives available, we agree that the condition is unconstitutionally overbroad and remand for further tailoring.

A community custody condition is unconstitutionally vague if it includes an insufficient definition of the proscribed conduct, such that an ordinary person would not understand, or a lack of sufficiently "ascertainable standards to protect against arbitrary enforcement." *Padilla*, 190 Wn.2d at 677. To avoid unconstitutional overbreadth, conditions pertaining to internet use "must be narrowly tailored to the dangers posed by the specific defendant." *Johnson*, 197 Wn.2d at 745. The limitation of internet use to employment purposes only is overbroad. *In re Pers. Restraint of Sickels*, 14 Wn. App. 2d 51, 73, 469 P.3d 322 (2020).

Peth asserts that the condition is vague because the community corrections officer has unfettered discretion when authorizing internet access. Following a similar challenge in *Johnson*, the Washington Supreme Court held arbitrary enforcement is not of concern because "the crimes themselves and the statement of probable cause provide sufficient direction." 197 Wn.2d at 749. Two of the three crimes in *Johnson* are the same as the charges to which Peth pleaded guilty. We conclude that this condition is not unconstitutionally vague.

But Peth also asserts that the condition is unconstitutionally overbroad and that monitoring software is a feasible, more narrowly tailored restriction on

internet access. The State concedes that monitoring software is a more appropriate, less restrictive alternative. Because caselaw establishes that the current condition is too broad and both parties agree as to a feasible, more narrowly tailored alternative, we remand for the lower court to impose that more narrowly tailored restriction on internet use.

3. Random Searches

Peth also asserts that permitting random searches of computer-related devices violates state constitutional privacy rights under article I, section 7. We conclude that this issue is not yet ripe for review.

Community custody sentences reduce the privacy protections granted by article I, section 7 of the Washington State Constitution but only to the extent necessary to monitor compliance with the community custody conditions. *State v. Cornwell*, 190 Wn.2d 296, 304, 412 P.3d 1265 (2018); *Olsen*, 189 Wn.2d at 125. Offenders under community supervision may be subject to search and seizure of their person or personal property when reasonable suspicion indicates a community custody condition has been violated. RCW 9.94A.631; *State v. Winterstein*, 167 Wn.2d 620, 628, 220 P.3d 1226 (2009).

However, a pre-enforcement challenge to community custody conditions is ripe for review when "the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 831 (2015). Further factual development is required when the appellant's challenge is based on a potential "future misapplication of

the community custody condition" where an attempted enforcement of the condition has not yet occurred.  *Cates*, 183 Wn.2d at 535.

The conditions subjecting Peth to random searches of his computer-related devices do not require him to do, or refrain from doing, anything unless and until his CCO requests it.  Therefore, Peth's challenges against random searches of his computer-related devices are not ripe for review and we decline to address them.

4.  Chat Rooms

Peth next claims the condition prohibiting access to chat rooms is unconstitutionally vague.  We agree and remand for clarification.

As stated above, sentencing courts have discretion to order a criminal offender to comply with crime-related prohibitions.  RCW 9.94A.703(3)(f); *Nguyen*, 191 Wn.2d at 684 (citing *State v. Irwin,* 191 Wn. App. 644, 658-59, 364 P.3d 830 (2015)).  A crime-related prohibition is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted."  RCW 9.94A.030(10).

An unconstitutionally vague community custody condition entails either an insufficient definition of the prohibited conduct or insufficient standards to protect against arbitrary enforcement.  *Padilla*, 190 Wn.2d at 677.  Conditions that limit constitutionally protected conduct, such as free speech, must be imposed sensitively and be narrowly tailored to the dangers posed by the specific defendant.  *Johnson*, 197 Wn.2d at 744-745.

Peth asserts that the term "chat room" is unconstitutionally vague because the condition is not clear as to what it prohibits. Moreover, Peth maintains that imposing monitoring software is an appropriate alternative to imposing a blanket ban on chat rooms. The State contends the sentencing court acted within its discretion because chat room use is a crime-related prohibition.

The State relies on two opinions, one unpublished and one published in part, in support of its assertion. Both cases upheld similar conditions for similar offenses, but neither addressed a vagueness challenge: *State v. Reedy*, No. 83039-2-I, slip op. (unpublished portion) at 22 (Wash. Ct. App. April 10, 2023), https://www.courts.wa.gov/opinions/pdf/830392.pdf., and *State v. Wright*, No. 81834-1-I, slip op. at 14 (Wash. Ct. App. Nov. 9, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/818341.pdf.

In *Reedy*, the appellant argued that a nearly identical condition is not crime-related because he did not use online forums to contact the victim. No. 83039-2-I, slip op. (unpublished portion) at 22. This court disagreed and upheld the condition as reasonably related to the conviction. *Reedy*, No. 83039-2-I, slip op. (unpublished portion) at 22. The appellant in *Wright* argued that a similar condition barring his access to social media websites, including chat rooms, was overbroad. No. 81834-1-I, slip op. at 14. This court disagreed and upheld the condition because the language was sufficiently tailored. *Wright*, No. 81834-1-I, slip op. at 14.

Here, as in *Reedy*, the condition barring Peth from accessing chat rooms is crime-related. Peth used online forums to contact minors to entice sexual conduct. In fact, as the State indicates, Peth encouraged minors to download apps and set up online accounts, seemingly for that purpose. But, unlike *Wright*, the language of the condition is not sufficiently narrowly tailored. Given the various contexts that one could perceive as a chat room, including the comment section under online news articles or online discussion forums in academic settings, we conclude that the condition lacks a sufficient definition of "chat room" such that an ordinary person would know what was prohibited. So, although the condition is crime-related, it is nevertheless unconstitutionally vague.

We remand for the trial court to clarify the prohibited conduct.

5. Computers and Digital Storage Devices

Lastly, Peth asserts that the condition prohibiting possession of a computer, computer-related devices, and digital storage devices is unconstitutionally vague and overbroad. We disagree.

A trial court has discretion to impose a community custody condition that prohibits conduct reasonably related to the crime. RCW 9.94A.703(3)(f); *Nguyen*, 191 Wn.2d at 684. But as noted, a community custody condition is unconstitutionally vague if it provides either an insufficient definition of the prohibited conduct or a lack of understandable standards to protect against arbitrary enforcement. *Padilla*, 190 Wn.2d at 677.

10

Peth relies on several unpublished cases to assert that, despite the apparent relationship between the condition and the crime, an absolute prohibition on possessing or accessing a computer is vague and overbroad. *State v. Moore*, No. 80503-7-I, slip op. at 8 (Wash. Ct. App. April 19, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/805037.pdf; *State v. Smith*, No. 79454-0-I, slip op. at 3 (Wash. Ct. App. Jun. 22, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/794540.pdf; *State v. Hammerquist*, No. 75949-3-I, slip op at 5-6 (Wash. Ct. App. Apr. 30, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/759493.PDF.  But Peth is not subject to an absolute ban on computer access.  Rather, Peth's computer access is subject to community corrections officer authorization.

The State contends that the condition is crime-related and not overbroad because it prohibits Peth's access to means through which he committed the crime.  And indeed, the record displays that Peth stored a depiction of a minor engaging in sexual conduct on a computer-related device.  Therefore, prohibiting possession of computers, related devices, and digital storage devices is directly related to Peth's offense.

Additionally, because the condition is specific as to Peth's restrictions and does not subject him to an absolute ban, the condition does not provide an insufficient definition of prohibited conduct or allow for arbitrary enforcement.

We conclude that the condition restricting possession of computers and digital storage devices is neither unconstitutionally vague nor overbroad.

11

No. 86198-1-I/12

We affirm the condition prohibiting possession and access to computers and computer-related devices and conclude that the condition requiring random searches of Peth's computer-related devices is not yet ripe for review. We remand for the trial court to narrow the condition restricting internet use, clarify the condition restricting chat room access, and strike the condition requiring breath and urinalysis.

WE CONCUR:

Feldman, J.

Díaz, J.

12