# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59535-4-II |
| Respondent, | |
| v. | |
| DEVON ROBERT MOORE, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Devon Moore pleaded guilty to murder in the first degree. After resentencing, Moore appeals and challenges three of the community custody conditions imposed as part of his amended judgment and sentence. We reverse and remand for the trial court to strike the condition requiring Moore to undergo an evaluation for substance use disorder. We affirm the remaining conditions.

FACTS

I.    BACKGROUND

On November 2, 2010, Moore, who was 16 years old, got into an argument with his father about not being able to use his father's truck due to Moore's grades being too low.[1] Later that night, Moore retrieved a .22 caliber rifle with a silencer, walked into his father's bedroom, and

---

[1] Moore and his father had an agreement that Moore was allowed to use the truck if he maintained a 3.2 GPA.

shot him three to four times in the back of the head. Moore buried his father's body in the woods and continued on with "'life as normal.'" Clerk's Papers (CP) at 82.

On April 1, 2011, the remains of Moore's father were discovered. Two days later, police arrested Moore, and he confessed to the murder.

In October 2012, Moore pleaded guilty to murder in the first degree with domestic violence and firearm sentencing enhancements. The trial court sentenced Moore to 380 months of total confinement, including 60 months for the firearm enhancement. The court also imposed 36 months of community custody.

In 2023, Moore moved for resentencing pursuant to the Washington Supreme Court's decision in *State v. Houston-Sconiers*, 188 Wn.2d 1, 34, 391 P.3d 409 (2017) (holding that when sentencing juveniles in adult court, trial courts have full discretion to consider a defendant's youthfulness).

## II.    RESENTENCING

In 2024, Moore was resentenced. The trial court considered the factors set forth in *Houston-Sconiers* and imposed the same sentence of 380 months total confinement and 36 months of community custody. The court imposed community custody conditions similar to those imposed at Moore's original sentencing and required that Moore:

> not consume controlled substances, including marijuana, except pursuant to lawfully issued prescriptions/ authorization;
>
> . . . not unlawfully possess controlled substances while on community custody;
>
>     . . . .
>
> . . . abide by any additional conditions imposed by the [Department of Corrections] DOC under RCW 9.94A.704 and .706.
>
>     . . . .

2

> . . . not possess or consume alcohol
>
> . . . .
>
> . . . undergo an evaluation for treatment for . . . substance use disorder
>
> . . . submit to urinalysis/breathalyzer at the request of his [community corrections officer] CCO

CP at 149.

Following the resentencing, at a hearing to address an issue with the judgment and sentence, Moore's counsel challenged two of these community custody conditions, and the following exchange took place:

> [DEFENSE COUNSEL]: I would just note that there's a requirement for alcohol evaluation, recommended treatment, no alcohol [indiscernible-low voice.] I don't believe that the allegations in this case were alcohol or drug related. So, I wanted to note that for the record. That it doesn't seem to be reasonably related to the offenses. And so, I just wanted to clarify with the Court is that the Court's ruling?
> THE COURT: All right, so, I've turned now to Page 7 of the J[udgment] & S[entence], which has the court orders that during the period of supervision, the Defendant shall not possess or consume alcohol and not possess or consume controlled substances, including marijuana, without a valid prescription. Those are the two conditions you're addressing. Is that correct, [counsel]?
> [DEFENSE COUNSEL]: Yes, Your Honor.
> . . . .
> THE COURT: . . . Well, I'm going to leave it as it is, [counsel], for now.
> . . . .
> You're indicating there was at least some mention of alcohol use by the Defendant at the time, maybe not involved in the crime, but without going further, and further briefing, I'm not going to re-address that issue. So, that's the Court ruling. If there's some other remedy that you want to have about that, you'll have to put that in front of the Court again.

Rep. of Proc. at 68, 70. Moore did not challenge any other community custody conditions before the trial court.[2]

Moore appeals and challenges three of his community custody conditions.

---

[2] Moore does not challenge these conditions on appeal.

ANALYSIS

I.    SUBMIT TO URINALYSIS/BREATHALYZER (UA/BA) TESTING

For the first time on appeal, Moore challenges the community custody condition requiring that he "submit to urinalysis/breathalyzer, at the request of his CCO." Br. of Appellant at 5. He argues that this condition violates his constitutional right to privacy and is not crime-related. Because Moore's claim is not ripe for review, we do not reach the merits of this argument.

A.    Legal Principles

We review the imposition of community custody conditions for an abuse of discretion. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). "A trial court abuses its discretion if it imposes an unconstitutional condition." *Id.*

A community custody condition may be reviewed for the first time on appeal if there is a manifest constitutional error or the condition is "'illegal or erroneous' as a matter of law," and the condition is ripe for review. *State v. Peters*, 10 Wn. App. 2d 574, 583, 455 P.3d 141 (2019) (quoting *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680 (2015)); *State v. Nelson*, ___ Wn.3d ___, 565 P.3d 906, 912 (2025) (stating that to be entitled to review for the first time on appeal appellant must show that the challenge is ripe for review and the community custody condition is a manifest error affecting a constitutional right).[3] "If it is ineligible for review for one reason, we need not consider the other." *Peters*, 10 Wn. App. 2d at 583.

To determine whether a pre-enforcement challenge to a community custody condition is ripe for review, we examine "'if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" *State v. Valencia*, 169 Wn.2d 782, 786, 239

---

[3] To be clear, however, "vagueness challenges to conditions of community custody may be raised for the first time on appeal." *State v. Bahl*, 164 Wn.2d 739, 745, 193 P.3d 678 (2008).

P.3d 1059 (2010) (internal quotation marks omitted) (quoting *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008)). We also consider the hardship imposed on the petitioner if the condition challenged is not reviewed on appeal. *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 832 (2015).

For example, in *Nelson*, the court analyzed whether a pre-enforcement challenge to community custody conditions requiring the defendant to submit to breathalyzer and urinalysis testing was ripe for review. 565 P.3d at 910, 912. The court concluded that Nelson's challenge was not ripe because it required further factual development. *Id.* at 914. The court stated that Nelson's claim rested "on the factually unsupported assumption that BA and UA testing will be 'conducted in an unreasonable manner' or 'used impermissibly as part of a fishing expedition to discover evidence of other crimes.'" *Id.* (internal quotation marks omitted) (quoting *State v. Olsen*, 189 Wn.2d 118, 134, 399 P.3d 1141 (2017). Also, there was no risk of hardship to Nelson because the conditions did "not require him to do, or refrain from doing, anything upon his release, unless and until the DOC requests it." *Nelson*, 565 P.3d at 914.

B.     Analysis

Here, at resentencing Moore did not challenge the community custody condition requiring him to submit to UA/BA testing.[4] On appeal, he does not argue that the condition is a manifest constitutional error. Moore also does not address whether his challenge to this condition is ripe.

Moore's challenge is not ripe for review. While this claim is a final action and Moore's challenge raises primarily legal issues, it requires further factual development. Like the condition in *Nelson*, the UA and BA testing at issue here were included to monitor compliance with validly

---

[4] The appellate record does not contain the verbatim report of proceedings from his original sentencing hearing. However, nothing in the record or briefing indicates that Moore challenged the conditions he challenges on appeal at his original sentencing either. *See* RAP 10.3(6) (requiring that an appellate brief contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record").

imposed conditions requiring Moore not to consume alcohol or non-prescription controlled substances.[5]  Further factual development is needed to determine if the enforcement of this condition would be unreasonable.  Additionally, the risk of hardship to Moore is insufficient to justify review before it is factually developed because Moore is not required to do or refrain from doing anything upon his release until the DOC requests that Moore undergo UA/BA testing.  Accordingly, we conclude that Moore's challenge is not ripe for review.[6, 7]

II.      UNDERGO EVALUATION FOR SUBSTANCE USE DISORDER

Moore challenges the community custody condition requiring that he "undergo an evaluation for treatment for . . . substance use disorder."  Br. of Appellant at 10 (quoting CP at 149).  Moore argues the condition is not crime-related, and the trial court did not make the necessary findings to impose such a condition.  The State concedes that it was erroneous for the court to impose this condition without making the statutorily required findings.

We accept the State's concession and remand for the trial court to strike this condition.

---

[5] *See* RCW 9.94A.703(2)(c), (3)(e).

[6] Even if we did consider the merits of Moore's challenge, *Nelson* rejects the argument Moore puts forth.  In *Nelson*, the Washington Supreme Court addressed the constitutionality of community custody conditions requiring that Nelson "[s]ubmit to breathalyzer testing or any other testing to ensure no alcohol consumption" and that he "[s]ubmit to urinalysis testing or other testing to ensure drug-free status." *Nelson*, 565 P.3d at 910.  The court held that the BA and UA testing conditions at issue were "narrowly tailored to serve the State's compelling interest in monitoring Nelson's compliance with valid conditions of his community custody" regardless of the condition's relation to the facts of his underlying conviction. *Id.* at 918.  Therefore, Moore's argument that the condition requiring him to submit to UA/BA testing is not related to his underlying offense and is therefore unconstitutional is unpersuasive.

[7] Because we conclude that Moore's claim is not ripe for review, we need not consider whether there is a manifest constitutional error. *See Peters*, 10 Wn. App. 2d at 583.

III.     ABIDE BY CONDITIONS IMPOSED UNDER RCW 9.94A.706

Moore also challenges the community custody condition which requires that he "abide by any additional conditions imposed by DOC under [RCW] 9.94A.704 and .706." Br. of Appellant at 12 (quoting CP at 34). He argues that the trial court did not have authority to require him to abide by conditions "imposed by DOC under RCW 9.94A.706." Br. of Appellant at 13. We disagree.

A.      Legal principles

"The trial court lacks authority to impose a community custody condition unless authorized by the legislature." *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013). In RCW 9.94A.703, the legislature authorizes mandatory, waivable, discretionary, and special conditions for a sentencing court to impose. RCW 9.94A.703(3)(f) authorizes the sentencing court to order an offender to "comply with any crime-related prohibitions." RCW 9.94A.706(1), without regard to whether a sentencing court orders it, provides "[n]o offender sentenced to a term of community custody under the supervision of the department may own, use, or possess firearms, ammunition, or explosives."

RCW 9.94A.703(3)(d) authorizes courts to order offenders to "perform affirmative conduct reasonably related to . . . the safety of the community."

B.      Analysis

Moore argues that the trial court had no authority to impose a condition of community custody requiring him to abide by conditions imposed under RCW 9.94A.706. Specifically, he asserts that RCW 9.94A.706's prohibition on possessing explosives (not just firearms) is outside the statutory authorization allowing the sentencing court to impose crime-related conditions. We disagree.

RCW 9.94A.703(3)(f) allows the trial court to impose conditions that are crime-related. Here, Moore pleaded guilty to murder in the first degree, the facts of which involved Moore's use of a firearm to kill his father. RCW 9.94A.706(1) prohibits Moore's possession of firearms or explosives.

Moore's argument that his crime did not involve explosives and is therefore not crime-related is unpersuasive. In *Nelson*, unavailable to the parties here at the time of their briefing, our Supreme Court clarified a sentencing court's authority in imposing crime-related prohibitions, determining that to be statutorily valid, a condition is not required to have a direct nexus with the underlying facts of the case. 565 P.3d at 918-19.

Alternatively, RCW 9.94A.703(3)(d) authorizes a sentencing court to order an offender to "perform affirmative conduct reasonably related to . . . the safety of the community." Again, *Nelson* is instructive, as it affirms the principle that a sentencing court may impose a condition if it allows the state to fulfill its interest in protecting the public. 565 P.3d at 919.

Protecting the public includes preventing convicted felons from possessing firearms and explosives. Accordingly, the trial court had authority to impose the condition requiring that Moore abide by RCW 9.94A.706.[8]

---

[8] It bears mentioning that Moore must comply with RCW 9.94A.706 regardless of whether or not it was imposed by the trial court.

CONCLUSION

We accept the State's concession and reverse and remand for the trial court to strike the condition requiring Moore to undergo an evaluation for substance use disorder. We affirm the remaining conditions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Cruser, C.J.

Che, J.